**CAUSE NO. _____**

| | | |
|---|---|---|
| **JEFFERY ROLLINS,** | § | |
| **Claimant,** | § | |
| | § | |
| **V.** | § | |
| | § | **AAA #:** |
| **COSTCO WHOLSALE CORPORATION** | § | |
| **Respondent.** | § | |

---

## ORIGINAL COMPLAINT IN ARBITRATION

Parties and their attorneys :

**JEFFERY ROLLINS:**
Christy Lynn Hester
Dennis Weitzel
Ted B. Lyon & Associates
18601 LBJ Freeway, Suite 525
Mesquite, TX 75150
Christy@tedlyon.com
dennis@tedlyon.com
972.279.6571 phone
972.279.3021 fax

**COSTCO:**
Jerry Fazio
Owen & Fazio
10670 N. Central Expressway, Suite 550
Dallas, Texas 75231
214.891.5960 phone
214.914.8930 mobile
jfazio@owenfazio.com


Richard S. Johnson, J.D.
PartnerSource
2221 Lakeside Blvd. Suite 750
Richardson, Texas 75082
214.239.4587 phone
214.316.9395 mobile
Richard_johnson@PartnerSource.com

---

## I.
## FACTS

Jeffery Rollins is a CDL truck driver for the Costco Depo located at 3730 Mountain Creek Pkwy in Dallas, TX. His job is to deliver Costco trailers to the many different Costo warehouse stores used by the public. He is an exemplary employee that takes pride in his excellent conduct and attendance records. On February 2, 2023, it was stipulated that Mr. Rollins reported to work during one of the worst snowstorms in Texas history. In February 2023, during "Winter Storm Mara" that pummeled North Texas and claimed the lives of many people in DFW, Costco forced Mr. Rollins to report to work against his will.

On this day, the greater Dallas-Fort Worth area was heavily warned by all media of quarter to one third of an inch of icy glaze, forcing the closure of many roadways. The morning news reported a state of disaster with more than 415,000 power outages, hundreds of road closures and the storm already had a death toll of ten people. The entire metroplex was heavily warned of the probable tragedies and newscasters hoped that it may motivate better public preparedness. All media outlets suggested that everyone stay inside and stay safe on this day.

Heading these public warnings, Mr. Rollins was hesitant about going out into dangerous driving conditions. Therefore, on this morning, he called his supervisor to voice his concerns and asked if it was mandatory that he come in on this day during these dangers. The supervisor confirmed this was an obligatory workday unless there was available vacation or sick time to use.  Mr. Rollins had no time accumulated to use.

During this call, because Mr. Rollins showed concerns about his safety, he was assured by his supervisor that all store loading docks were going to be de-iced with rock salt for the drivers' safety for the duration of the drivers' deliveries. This reassurance was even extended to explain to Mr. Rollins that a "special email" went out to all Costco locations to make sure all dock ramps remained ice free.

To avoid being disciplined for staying home, Mr. Rollins reluctantly made his way to the Mountain Creek Parkway location to begin his workday. For his second trip of the day, Mr. Rollins was directed to deliver a trailer full of goods to the Costco Wholesale located at 600 West Arbrook Boulevard in Arlington.  Following supervisor instructions, Mr. Rollins proceeded as directed. Upon delivery to the Arlington Costco Center, while unpinning his truck from his trailer, Mr. Rollins slipped on the untreated layer of ice while coming out from underneath the trailer. This was ice that his supervisor said would be treated to avoid injuries to the Costco employees. This was Mr. Rollins' second stop of the day. At the location of his first drop the dock had been treated for ice.  After his fall, Mr. Rollins had to proceed to his third stop of the day, and again, that dock had been treated for ice.

Because these docks are slanted there should have been extra attention and precautions directed to treat these problematic areas. Other than being "told" this treatment had occurred by his supervisor, there was no evidence that the ice had been treated or in what manner at the 600 West Arbrook location. Because there was ice present in this dock area means that this section had not been correctly treated. Not only should Costco have treated this area heavily, but they should also have been repetitive with the treatment to ensure safety at all times that employees

would be present. Again, the first and third stops of the day, those docks had been treated for ice correctly, but not the 600 West Arbrook location.







X marks the spot where the injury took place.

## II.
## MEDICAL

Prior to this fall, Mr. Rollins had no complaints about any back pain, nor visits to any medical provider for back pain.  Prior to this fall, Mr. Rollins had not ever missed work due to any back problems or back pain.  This fall caused Mr. Rollins extreme pain and discomfort for what would end up being almost 1 full year. This fall caused injuries such as lumbar disc bulging and foraminal annular tears. Mr. Rollins exhausted all avenues of pain relief methods, including steroidal injections into the lumbar area, before finally agreeing to the 360 Degree Lumbar Spinal Fusion (Anterior – Posterior) Surgery that Neurosurgeons indicated he would need due to the extent of his injury from this fall.

The surgery took place on September 19, 2023. Mr. Rollins was hospitalized for 4 days and attended painful physical therapy until January 2024. He is now left with permanent disfigurement in his abdomen and on his lower back as well as extensive nerve damage.

## III.
## INJURIES AND MEDICAL TREATMENT

MRI RESULTS:

The MRI of Mr. Rollins' lumbar spine dated 3/24/2023 shows the following results:

• Severe canal stenosis at L4-5, 7 millimeters.

---

• Severe left neural foraminal narrowing at L4-5 with a 6-millimeter broad left sided paracentral protrusion

• Disc bulge with right foraminal annular tear at L3-4

• Multi-level facet hypertrophy, greatest at L4-5 followed by L3-4 and L2-3. Transitional vertebrae at the lumbosacral junction. There is a right sided pseudoarthrosis at L5-S1

• Epidural lipomatosis

• There is a hyperintensity in the bone marrow on T1- weighted scans which could be associated with bone marrow disorders. Correlation with CBC is recommended.

• Bilateral lesion on T12 vertebral body 17 millimeters. The majority hypointense on the STI R sequence likely meningioma, Similar finding with a smaller lesion at T11 and another lesion at L3 and L4.

• L2-3: minimal anterolisthesis, minimal Spondylosis, and mild facet hypertrophy

• L3-4: trace disc bulge, Minimal Spondylosis and moderate facet arthropathy, facet hypertrophy and surrounding edema, greater on the right.

• Shallow disc bulge. L3-4 less than two millimeter, asymmetric greater on the right, Right foraminal annular tear sagittal.

• L4-5: 6-mm broad left sided. Paracentral protrusion with osteophyte. This narrows the left lateral recess and impinges upon the S1 nerve root.

Mr. Rollins was evaluated by several doctors that indicated, based on their examination and patient's history, with a reasonable degree of medical certainty, these acute symptomatology's as delineated in the MRI study were proximately caused by the impact of the fall that Mr. Rollins had on February 2, 2023, working at the direction of Costo Wholesale Corporation.

Below is a list of outstanding medical bills incurred as a result of the incident on February 2, 2023, which included what was paid by Costco directly. Medical records and bills for each of these providers are attached to this Claim, or will be provided if not in the possession of Mr. Rollins at this moment.

See attached Dropbox Link for supporting Medical and Billing documents.

https://www.dropbox.com/scl/fo/7ncx3lam76s1o2ykbmgu6/AIIoBW11ne85bSc8MQQ381M?rlkey=y1ryg9xvvlwbyux4jmjfs7nj1&st=kkk7jcna&dl=0

LOST WAGES/EARNINGS: Mr. Rollins' normal pay prior to this injury was $2,334.30 bi-weekly with a base pay of $32.85 per hour. While off, Mr. Rollins received his regular pay until 5/22/2023, when the insurance carrier for Costco denied any further medical treatment for him and cleared him to return to work. After that, Mr. Rollins resorted to Short Term Disability and then to Long Term Disability, that paid at a fraction of this regular pay. Mr. Rollins returned to work full-time on January 15, 2024, over a year after the injury.

SHORT TERM: Mr. Rollins received short term disability payments from 3/1/2023 to 9/18/2023. UNUM Short Term Disability paid Mr. Rollins $7,009.29, which was 65% of his regular pay. During this period of time, Mr. Rollins regular pay would have been about $11,565.38 per month, a difference and loss of $4,556.09

LONG TERM: Mr. Rollins was receiving long term disability based on a gross monthly benefits of $3,233.50 from 9/18/2023 to 1/15/2024. UNUM Long Term Disability paid Mr. Rollins $14,765.20, which was 60% of his normal wages. During this period of time, Mr. Rollins regular pay would have been about $23,624.32, a difference and loss of $8,859.12.

The total lost wages are $13,415.21.

| PD VS INCURRED | Client Paid | Insurance Paid | Still Owed | Total |
|---|---|---|---|---|
| Baylor Scott White Plano Hospital | $331.20 | $122,389.34 | $0.00 | $122,720.54 |
| Dr Adrian Chiroprator | $100.00 | $0.00 | $50.00 | $150.00 |
| Dr Khan - Texas Interventional Pain Care - Shots | $25.00 | $130.72 | $0.00 | $155.72 |
| Dr Krishna Satyan Dallas Neurosurgical & Spine | $1,048.74 | $12,982.93 | $484.27 | $14,515.94 |
| Dr Reed Bartz - Dallas Orthopedic & Shoulder Inst | $163.67 | $345.49 | $0.00 | $509.16 |
| Dr Pineda - BS&W Gut Doctor | $0.00 | $27,983.78 | $0.00 | $27,983.78 |
| Dr Siroosian - Justhealth Spine & Injury | $25.00 | $0.00 | $8,544.00 | $8,569.00 |
| North Star Imaging | $0.00 | $517.50 | $57.50 | $575.00 |
| US Anesthesia Partners (USAPTexas North CBO) | $0.00 | $6,287.57 | $0.00 | $6,287.57 |
| Gateway Diagnostic | $0.00 | $2,008.00 | $0.00 | $2,008.00 |
| | $1,693.61 | $172,645.33 | $9,135.77 | $183,474.71 |

SUBROGATION: Aetna paid for and is seeking $160,688.21 in medical reimbursement for monies expended for treatment to Mr. Rollins

(all subrogation claims reports have been attached for UNUM, and Aetna)

## IV.
## DAMAGES

As a direct and proximate result of the negligence and gross negligence as listed above in each occurrence, Plaintiff sustained and suffered personal injuries and damages which are sought by this suit as follows:

A.  **Past Medical Expenses:**  Claimant has incurred bodily injuries which were caused by the incident in question.  He has incurred medical expenses in the past and will continue to incur them in the future.

B.  **Future Medical Expenses:**  Claimant will continue to incur medical expenses in the future as a result of bodily injuries which were caused by the incident in question.

C.  **Past Physical Pain:** Claimant continues to endur severe and constant physical pain and has in the past.

D.  **Future Physical Pain:** Claimant will continue to endure severe and constant physical pain in the future.

E.  **Past Mental Anguish:** Claimant has endured mental anguish in the past because of bodily injuries which were caused by the incident in question.

F.  **Future Mental Anguish:** Claimant will endure future mental anguish because of bodily injuries which were caused by the incident in question.

G.  **Past Impairment:** Claimant suffers from current physical impairment and has in the past as a result of bodily injuries which were caused by the incident in question.

H.  **Future Impairment:** Claimant will continue to suffer physical impairment in the future because of bodily injuries which were caused by the incident in question.

I.  **Disfigurement**: Claimant has endured disfigurement in the past and will continue to suffer the effects in the future.

J.  **Lost Earnings Capacity:** Plaintiff has incurred lost earnings in the past as a result of the incident in question, and most likely will continue to suffer lost earning capacity in the future.

K.  Claimant seeks attorneys fees.

L.  Claimant seeks the Costs of Arbitration.

Claimant further pleads for pre- and post- judgment interest at the maximum legal allowable rate.

Alternatively, if it is shown that Claimant prior to the incident made the basis of this lawsuit had pre-existing medical or physical conditions, he has sustained an aggravation or acceleration of such pre-existing medical or physical conditions.  More particularly, if the evidence demonstrates that prior to the incident made the basis of this lawsuit Claimant had pre-

existing conditions, such conditions at the time of the incident made the basis of this lawsuit were latent, controlled and/or non-debilitating. The incident made the basis of this Claim and the conduct of Costco has aggravated and accelerated such conditions and/or made Claimant more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries.

Further, because of Claimant's injuries caused by Costco, Claimant has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the collision made the basis of this lawsuit, and to the effects of subsequent stressors.  He also has sustained additional mental anguish because of this increased vulnerability, which in reasonable probability she will experience for the remainder of his life.

## V.
## ARBITRATION DEMAND

Claimant initiates this Arbitration pursuant to Costco's policies.

## VI.
## NON-SUBSCRIBER

As a nonsubscriber, this case is one of clear liability on behalf of Costco, in which Jeff Rollins was injured and suffered severe and life altering damages as a direct result of Costco's neglect. Costco has a duty to protect its employees in any way possible, especially from known dangers under its control.  It was understood by Mr. Rollins that Costco sent out a bulletin to its stores, specifically the dock managers and/or employees, to treat the areas in their docks for ice the morning of the incident.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Claimant pray that upon final trial, Claimant have judgment against Respondent for all damages proved, costs of the arbitration, for prejudgment interest in accordance with the law and for interest on the judgment until the time the judgment is paid and for such other and further relief to which Claimant is justly entitled.

Respectfully submitted,

**TED B. LYON & ASSOCIATES, P.C.**

By: _____
CHRISTY LYNN HESTER
State Bar No. 24081881
christy@tedlyon.com
J. DENNIS WEITZEL
State Bar No.
Dennis@tedlyon.com

---

Town East Tower, Suite 525
18601 LBJ Freeway
Mesquite, Texas 75150
Telephone:  (972) 279-6571
Facsimile:   (972) 279-3021

**ATTORNEYS FOR CLAIMANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was duly served on Costco's counsel of record identified above on this 6th day of January, 2025.

_____

**Christy Hester**

---